UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:19-cr-00120 |
| v. ) | |
| ) | Judge Collier/Steger |
| JOE DEWHURST ) | |

## **ORDER**

### I. Introduction

Before the Court is the Amended Motion for Release on Bond [Doc. 249] filed on behalf of Defendant Joe Dewhurst. Defendant seeks temporary release from custody due to health concerns arising from contracting SARS-CoV-2, the virus responsible for the COVID-19 pandemic. The Government opposes the Motion. Because Defendant has not shown by clear and convincing evidence that he is not a flight risk or a danger to the community, the Motion [Doc. 249] will be **DENIED**.

### II. Background

On August 27, 2019, a grand jury charged Defendant Joe Dewhurst with conspiracy to knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual) and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 [Doc. 1]. The undersigned held a bond hearing on September 4, 2019 [Doc. 29], and entered an Order Setting Conditions of Release on that same date [Doc. 31]. Among the conditions of release established by the Court was the following, "[t]he defendant must . . . not use or unlawfully possess a narcotic drug or other controlled substances

defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner." While on pretrial release, Defendant missed two required drug tests and tested positive for methamphetamine on December 13, 2019, and January 28, 2019. Although he clearly violated a critical condition of release, the United States Probation Office did not submit a violation report to the Court because Defendant was scheduled to be in court for a Change of Plea hearing on January 29, 2020—the day after his second failed drug test.

On January 29, 2020, Defendant appeared before United States District Judge Curtis L. Collier and entered a plea of guilty to Count One (lesser included offense) of the Indictment— conspiracy to distribute and possess with intent to distribute 5 grams or more of methamphetamine (actual) and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. Judge Collier ordered that Defendant be detained pending sentencing [Doc. 141]. A sentencing hearing is set for September 30, 2020. [Doc. 220].

On July 9, 2020, Defendant filed his Amended Motion for Release from Custody [Doc. 249], which the Government opposes. Defendant attaches medical records indicating he contracted SARS-CoV-2, the virus responsible for the COVID-19 pandemic, while incarcerated at the Bradley County jail, and argues that he has received inadequate medical care while incarcerated there. Defendant seeks release from the Bradley County jail pending sentencing, and represents that he will reside with his mother.

### III. Analysis

Defendant is detained pending sentencing, so the applicable release and detention statute is 18 U.S.C. § 3143. Subject to limited exceptions, this statute requires the detention of a defendant in a case that involves "an offense for which a maximum term of imprisonment of ten years or

more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ." 18 U.S.C. § 3143(a)(2); 18 U.S.C. § 3142(f)(1)(C). The statutory maximum permitted under § 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846 is 40 years [*See* Revised Presentence Report, Doc. 207]

Defendant pled guilty to such an offense and must be detained unless the following conditions are met:

> **(A)(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

*Id*. Defendant does not argue that a motion for acquittal is likely to be granted or that an attorney for the Government has recommended no sentence of imprisonment be imposed. Neither of the requirements of subparagraph (A) are satisfied, so the Court need not consider subparagraph (B). Defendant is not entitled to release on bond under 18 U.S.C. § 3143.

Defendant has also not met the standard for release in 18 U.S.C. § 3145(c), which deals with review and appeal of a detention order. That statute provides:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C.A. § 3145(c). To qualify for relief, Defendant must therefore: (1) show by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person, and (2) clearly show that there are exceptional reasons why his detention is not appropriate. 18 U.S.C. §§ 3143(a)(1), 3145(c).

Defendant has not made this showing. While the undersigned did release Defendant on bond subject to an Order Setting Conditions of Release [Doc. 31], he failed to adhere to the condition requiring that he comply strictly with drug testing requirements, and also failed to comply with the condition prohibiting him from using illegal controlled substances.

Defendant's medical condition does not change this assessment, because it does not reduce his risk of flight, nor does it reduce the danger he poses to the community. *See United States v. Adams*, 6:19-mj-00087-MK, 2019 WL 3037042 (D. Or. July 10, 2019) ("Release for a presumptively dangerous defendant is only appropriate when a defendant produces evidence of an extraordinary life-threatening medical condition the BOP cannot treat and further shows the safety of the community may be reasonably assured through conditions of release."). Defendant's history of perseverating in dangerous conduct—even while under the supervision of the United States Probation Office—suggests that any conditions the Court may impose are unlikely to deter him from engaging in activities that present a risk to any person or the community. Moreover, the conditions most likely to effectively control Defendant, such as electronic monitoring and routine drug testing, are presently limited or unavailable due to the pandemic.

Finally, the Court notes that, while Defendant was apparently diagnosed with the SARS-CoV-2 virus in mid-June 2020 while incarcerated at the Bradley County Jail, that diagnosis occurred approximately one month ago. Defendant did not develop any critical or life-threatening conditions as a result of contracting the virus and has seemingly recovered, although he does still complain of some mild respiratory symptoms. The Court has instructed the United States Marshal's Service to confer with the medical staff at the Bradley County Jail to assure that Defendant receives adequate medical care, and has invited Defendant's attorney to let the Court know if Defendant's medical care is substandard.

## IV. Conclusion

Because Defendant failed to show by clear and convincing evidence that he is not a flight risk or a danger to others and the community, his Amended Motion for Release on Bond [Doc. 249] is **DENIED**.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE